UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Bobby Shellnut,<br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br>First Premier Bank,<br>NCB Management Services, Inc., and<br>Credit Collection Services d/b/a<br>CCS Collections,<br>    Defendants. | Case No.: |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, BOBBY SHELLNUT, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Bowman, Georgia.

4. Venue is proper in the Middle District of Georgia.

### PARTIES

5. Plaintiff is a natural person residing in Bowman, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

    b. First Premier Bank ("First Premier") is a national bank that conducts business in the State of Georgia;

    c. NCB Management Services, Inc. ("NCB") is a foreign corporation that conducts business in the State of Georgia; and

    d. Credit Collection Services d/b/a CCS Collections ("CCS") is a foreign company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. The tradelines ("Errant Tradelines") of First Premier, NCB and CCS (collectively, "the furnishers") are erroneously reporting as disputed in Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradelines.

9. On or about October 29, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradelines reporting with erroneous dispute notations.

10. On or about November 8, 2023, Plaintiff sent a letter to Equifax stating that he no longer disputes the Errant Tradelines and wants the dispute notations removed from the tradelines.

2

11. Equifax received Plaintiff's letter.

12. Equifax forwarded Plaintiff's letter the furnishers.

13. The furnishers received Plaintiff's letter from Equifax.

14. On or about January 4, 2024, after not having received investigation results from Equifax, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and the furnishers failed or refused to remove the erroneous dispute notations from the Errant Tradelines.

15. Defendants' failures to remove the erroneous dispute notations make the Errant Tradelines false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff also has suffered stress, anxiety, frustration and other forms of emotional distress due to Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

19. First Premier negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

20. First Premier's tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

21. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

22. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

23. Plaintiff has a private right of action to assert claims against First Premier arising under 15 U.S.C. § 1681s-2(b).

4

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. First Premier willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

27. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

28. First Premier is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCB

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, NCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

31. NCB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

32. NCB's tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

33. As a direct and proximate cause of NCB's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

34. NCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

35. Plaintiff has a private right of action to assert claims against NCB arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against NCB for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCB

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, NCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

38. NCB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

39. As a direct and proximate cause of NCB's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

40. NCB is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against NCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCS

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, CCS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

43. CCS negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

44. CCS's tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

45. As a direct and proximate cause of CCS's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

46. CCS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

47. Plaintiff has a private right of action to assert claims against CCS arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against CCS for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, CCS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

50. CCS willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

51. As a direct and proximate cause of CCS's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

52. CCS is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against CCS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

59. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

64. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

65. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

66. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: March 6, 2024

/s/ Gary Hansz
Gary Hansz
Bar No. 534669
39111 Six Mile Rd., Ste. 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
Attorney for Plaintiff